## SMITH *v.* STACK.

### Opinion delivered January 25, 1909.

ACCOUNT—TRANSFER TO EQUITY—DISCRETION OF COURT.—Where an action at law upon account had gone to trial, which had continued for two days and a half, it was within the court's discretion to refuse to transfer the cause to the chancery court.

Appeal from Monroe Circuit Court; *Frederick D. Fulkerson,* Judge, on exchange of circuits; affirmed.

*C. F. Greenlee,* for appellant.

When a case is brought at law on a complicated, disputed account, it should be transferred to equity. The difficulty of properly adjusting accounts is what confers jurisdiction upon courts of equity, without regard to their singleness or mutuality. 48 Ark. 426; 8 Ark. 57; 31 Ark. 345; 51 Ark. 198.

*Manning & Emerson,* for appellee.

Appellant was fully advised of all the issues, facts and accounts to be adjusted before the trial commenced; and, having made no objection to the form of the trial but submitted without objection to a trial by jury, he must be held to have waived the right of transfer. 51 Ark. 235; 52 Ark. 411; 23 Ark. 746; 31 Ark. 411; 32 Ark. 562; 57 Ark. 589; 74 Ark. 81. Moreover, chancery jurisdiction in matters of accounts is not exclusive, but concurrent merely. 31 Ark. 353; Kirby's Digest, § § 1304, 1305; 44 Ark. 458; 88 Ark. 108.

COHN *v.* JEFFRIES.

BATTLE, J. The plaintiff, Eloise Stack, complaining of the defendant, D. H. Smith, alleged that he was indebted to her in the sum of $2,500 for money collected by him from tenants upon her lands as rent for the year 1905, and converted to his own use. She asked for judgment against him for that amount and six per centum per annum interest thereon from the 12th day of July, 19r6. He, D. H. Smith, denied these allegations and pleaded a set-off; and she denied the set-off.

The issues in the case were tried by a jury. Considerable evidence was adduced, and it was conflicting. The court, in instructions which were not objected to by either party, fully explained to the jury the issues in the case and the questions for them to decide. They returned a verdict in favor of the plaintiff. As to the sufficiency and validity of it, the only question is, was it sustained by evidence? Although it is not as satisfactory as might be desired, it is sufficient to support the verdict.

After the trial of the issues had continued two and a half days, the defendant moved the court to transfer the cause to the chancery court on the ground that it involved long accounts. The court denied the motion. The defendant insists that it erred in so doing.

At the time this motion was made the evidence had sufficiently developed for the court to see whether the accounts were too complicated for the jury to understand; and, unless they were, the court had jurisdiction, at least concurrent, and there was no necessity for transferring the cause to the chancery court. The court evidently did not find it necessary to make the transfer, and overruled the motion. We do not find that it erred in so doing.

Judgment affirmed.